UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN J. KOTOWSKI, | Civil No. 07-4113 (PAM/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JOAN FABIAN, Commissioner, LYNN DINGLE, Warden, and STEPHEN HARDING, Officer, | |
| Defendants. | |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, ("MCF-STW"), commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The matter has been referred to the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

I. BACKGROUND

Plaintiff alleges that he "went to segregation," (apparently at MCF-STW), on January 20, 2005. (Complaint, p. 3, § IV, ¶ 1.) His personal property "was prepared to be removed by staff," but it was not actually moved out of his old cell for two and a half days. (Id.) Plaintiff

---

[1] Plaintiff did not tender the required $350 filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Clerk's Office reports that Plaintiff has already paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Therefore, this matter will proceed directly to the initial screening process prescribed by § 1915A.

alleges that his "[r]oommate and another inmate stole [his] property because it was left in [the] room for 2½ days." (Id.)

According to the complaint, Plaintiff asked Defendant Sgt. Stephen Harding, (presumably a correctional official at MCF-STW), to remove his property from his cell, but Harding failed to do so. Plaintiff seems to believe that Harding should be held liable for the property that allegedly was stolen by Plaintiff's fellow inmates. He alleges that: "Thefts of this nature were common because we are doubled in cells and staff pack cells as they see fit. Sgt. Harding was aware of previous thefts but due to state employee immunity they laugh at us." (Id., attachment p. 2, ¶ 2.)

Plaintiff is also attempting to sue the Warden at MCF-STW, Defendant Lynn Dingle, and the Minnesota Commissioner of Corrections, Joan Fabian. He is seeking a judgment against these two additional Defendants, because they allegedly "support the staff[']s actions out of loyalty not out of sense of right or wrong," and thus they allegedly "are equally to blame." (Id., ¶ 3.)

Plaintiff has described the relief he is seeking in this action as follows: "remove ammunity [sic] from prison employees when negligenent [sic] action cause harm, loss of property, slander or other similar but unnamed actions to persons such as myself." (Complaint, p. 3, § V.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from various governmental employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by

a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner files a complaint that fails to state any viable cause of action, the case must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the caption of Plaintiff's complaint indicates that he is attempting to sue the named Defendants under 42 U.S.C. § 1983. The Court finds, however, that the complaint fails to state an actionable § 1983 claim for several reasons.

To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff must plead, (and ultimately prove), a set of facts which, if proven true, show that the named defendants violated the plaintiff's federal constitutional rights while the defendants were acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's present complaint does not state an actionable § 1983 claim, because it does not allege that his constitutional rights were violated by any of the Defendants. The current complaint does not include any reference to the Constitution, or any constitutional principle, and no constitutional claim can be inferred from any of the allegations in the complaint.

Plaintiff's submissions indicate that he is attempting to sue Defendants for negligence, which is a state common law tort theory. In the "RELIEF" section of the complaint, Plaintiff states that he wants to be able to sue prison employees when their "negligenent [sic] action[s] cause harm." The civil cover sheet that Plaintiff filed with his complaint reiterates that "the cause of action" he is attempting to bring here "is a result of negligence by state employee[s]."

It is well-settled, however, that a state employee cannot be held liable for negligence in a § 1983 action.  Davidson v. Cannon, 474 U.S. 344, 347 (1986).  See also Daniels v.

Williams, 474 U.S. 327, 333 (1986) ("[w]here a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required'") (citation omitted); Langford v. Haynes, No. 93-2355EA (8th Cir. 1993), 1993 WL 420994 at *1 ("a negligence claim does not support a § 1983 action").[2]

Furthermore, even if Plaintiff had intended to allege that Defendants somehow intentionally caused his property to be stolen, and even if he had intended to allege that his property was taken in violation of his constitutional right to due process, (despite the total absence of any such allegations in the complaint), Plaintiff still would have failed to state an actionable § 1983 claim. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment, if a meaningful postdeprivation remedy for the loss is available." Id. at 533. This means that the requirements of the Constitution's due process clause are satisfied if there is a procedure available to a prisoner by which he can challenge an allegedly wrongful seizure of his property, after the seizure has occurred. Thus, there can be no due process violation if the prisoner has been afforded a post-deprivation opportunity to contest the loss of his property.

Here, it appears on the face of the complaint that there was a prison grievance procedure available to Plaintiff, and that he had an opportunity to pursue his claims through that procedure. (Complaint, [Docket No. 1], p. 2, §§ II.A and II.B.) The Supreme Court

---

[2] If Plaintiff were attempting to bring a straightforward state-law negligence claim, (rather than a § 1983 claim), this action would have to be dismissed for lack of subject matter jurisdiction, because there would be no "federal question," or "diversity of citizenship." See 28 U.S.C. §§ 1331, 1332.

expressly noted in Hudson that a prison grievance procedure may serve as a "meaningful postdeprivation remedy" that would satisfy the requirements of the due process clause. 468 U.S. at 536, n. 15. Relying on this observation, federal courts have consistently dismissed inmate due process claims stemming from property deprivations when a prison grievance procedure was available. See e.g., Weldon v. Wickiser, No. 07-1312 (3rd Cir. 2007), 2007 WL 2050898 (unpublished opinion) at *1; Jones v. Burton, 173 Fed.Appx. 520, 522 (7th Cir. 2006) (unpublished opinion); Cavender v. Uphoff, No. 96-8067 (10th Cir. 1997), 1997 WL 602418 (unpublished opinion) at *1; Larue v. Jurgenson, No. 93-35175, (9th Cir. 1994), 1994 WL 5733 (unpublished opinion) at *2. See also McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (prisoner barred from bringing due process claim for property loss where there was an adequate post-deprivation remedy available under state law).

The Court finds that the grievance procedure identified on the face of Plaintiff's complaint is a post-deprivation remedy that meets the requirements of Hudson v. Palmer. While Plaintiff obviously is dissatisfied with the outcome of the grievance proceedings, he has not identified any procedural deficiency in those proceedings that could be viewed as a denial of due process. See Jones, 173 Fed.Appx. at 522 ("[t]he adequacy of a postdeprivation remedy does not turn on the plaintiff's satisfaction with the outcome"). Because Plaintiff was afforded the manner and measure of due process prescribed by Hudson, he could not maintain a § 1983 claim, even if he had alleged that Defendants deliberately deprived him of his property. See Menendez v. Keefe Supply Company, No. 06-13450 (11th Cir. 2007), 2007 WL 1512030 (unpublished opinion) at *2 (dismissing prisoner civil rights action against prison officials who allegedly failed to protect claimant's property from theft by other inmates); Higgason v. Morton, 171 Fed.Appx. 509 (7th Cir.

2006) (unpublished opinion) (same).

Finally, the Court notes that the present action apparently was preceded by a similar action that Plaintiff brought in a Minnesota state court earlier this year. His complaint indicates that he sued the three present Defendants in a "conciliation court" action in Washington County, Minnesota. (Complaint, pp. 1-2, § 1.) That action was "dismissed with prejudice." (Id., attached judgment, [emphasis added].) It appears that Plaintiff is now seeking a federal court judgment that would effectively overturn the judgment entered in his prior state court case.

However, the "Rooker-Feldman doctrine" holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001). See also Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005) (Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments"); In re Goetzman, 91 F.3d 1173, 1177 (8th Cir.) ("[u]nder the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations"), cert. denied, 519 U.S. 1042 (1996). If Plaintiff is indeed trying to challenge the outcome of a state conciliation court action – which clearly appears to be the case – then his lawsuit is barred by the Rooker-Feldman doctrine.

### III.  CONCLUSION

For all of the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must

therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[3] To date, he has paid only $15.00, so he still owes $335.00 at this time. Prison officials will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court notes that the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, which is $335.00, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

    4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: October __4__, 2007

                                               *s/ Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 24, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.