UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John J. Kotowski,                                    Civil No. 07-4113 (PAM/FLN)

          Plaintiff,

v.                                                         **MEMORANDUM AND ORDER**

Joan Fabian, Commissioner,
Lynn Dingle, Warden, and
Stephen Harding, Officer,

          Defendants.

---

This matter is before the Court on Plaintiff John J. Kotowski's ("Kotowski") Objections to the Report and Recommendation ("R&R") that United States Magistrate Judge Franklin L. Noel filed on October 4, 2007. The R&R recommended that the Court summarily dismiss the action. The Court has conducted a de novo review of the Objections and record. See 28 U.S.C. §636(b)(1); D. Minn. LR 72.2(b). For the reasons that follow, the Court overrules the Objections, adopts the R&R, dismisses the action with prejudice, and denies Kotowki's Motion for Appointment of Counsel.

**BACKGROUND**

Kotowski, an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota (MCF-Stillwater), claims that a fellow inmate or inmates stole his personal property when he was moved to segregation on January 20, 2005. At some point, he sought relief pursuant to the facility's grievance procedure. (Compl. ¶ II.C.) Sometime

1

in 2007, he commenced a Washington County Conciliation Court matter against Minnesota Department of Corrections Commissioner Joan Fabian, MCF-Stillwater Warden Lynn Dingle, and Officer Stephen Harding. That action was dismissed with prejudice on May 24, 2007. (See Exs. to Compl.) On September 28, 2007, Kotowski commenced this 42 U.S.C. § 1983 action alleging that Fabian, Dingle, and Harding were negligent for failing to secure the property, which Kotowski subsequently valued at $852.00. (See Compl.; Obj. to R&R at 3.) Kotowski's requested relief was that the Court "remove [i]mmunity from prison employees." (Compl. ¶ V.)

In accordance with 28 U.S.C. § 1915A of the Prison Litigation Reform Act, Magistrate Judge Franklin L. Noel screened the Complaint and issued an R&R recommending that the § 1983 action be summarily dismissed because Kotowski had alleged no constitutional violation. On October 22, 2007, Kotowski filed Objections to the R&R as well as a Motion for Appointment of Counsel. (Docket Nos. 4-5.) Kotowski stated that dismissal was inappropriate because he was challenging the constitutionality of Minnesota laws that afford immunity to public officials, and that he needed counsel to help prosecute this complex case.[1]

---

[1] Kotowski did not challenge Magistrate Judge Noel's recommendation that even though Kotowski had applied for leave to proceed in forma pauperis, he remains liable for the entire $350 filing fee. The Court agrees and adopts this recommendation. See 28 U.S.C. § 1915(b)(1) ("prisoner shall be required to pay the full amount of a filing fee").

**DISCUSSION**

Kotowski's § 1983 Complaint alleges negligence. However, "where a government official is merely negligent in causing [an] injury, no procedure for compensation is constitutionally required" and therefore no § 1983 remedy is available. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (denying § 1983 relief where state officials' alleged lack of due care resulted in physical attack causing "serious injury").

Here, Kotowski's claimed $852.00 loss, which he attributes to state officials' negligence, "simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." Id. at 347-48. Further, Kotowski invoked the prison's grievance procedure, and he failed to explain how it is constitutionally deficient. As long as a state affords a "meaningful postdeprivation remedy" to redress an inmate's claimed loss, the constitution is satisfied. Hudson v. Palmer, 468 U.S. 517, 533 (1984). With no cognizable constitutional violation, there can be no § 1983 claim, and dismissal is required. See 28 U.S.C. § 1915A(b)(1) (court shall dismiss complaint that fails to state a claim for which relief may be granted).

Because no Defendant has asserted any immunity defense at this stage, Kotowski's arguments related to the constitutionality of Minnesota's immunity scheme are premature. Further, the Court notes that Kotowski sought but failed to exhaust relief in Minnesota state court, which would have provided him with a forum to litigate any immunity issues that might have been asserted. See Minn. Gen. R. Prac. 521 (establishing procedure for person aggrieved by conciliation court action to remove

action to district court for trial de novo).

With no cognizable federal claim remaining, the Court denies Kotowski's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e).

**CONCLUSION**

Kotowski's Complaint fails to state a constitutional claim for which 42 U.S.C. § 1983 might provide relief, and his general allegations related to Minnesota's immunity scheme are not properly before the Court. Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 3) is **ADOPTED**;

2. Plaintiff's Objections to the R&R (Docket No. 4) are **OVERRULED**;

3. This action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A; and

4. Plaintiff's Motion for Appointment of Counsel (Docket No.) 5 is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 29, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge